FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10270 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00005-NVW-1 |
| v. | MEMORANDUM [*] |
| GUADALUPE CONTRERAS-RUIZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted August 31, 2009 [**]
San Francisco, California

Before: B. FLETCHER, and KLEINFELD, Circuit Judges, and DUFFY, [***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Guadalupe Contreras-Ruiz appeals a final judgment and sentence of three months of imprisonment for criminal contempt in violation of 18 U.S.C. § 401 entered by the United States District Court for the District of Arizona pursuant to the summary contempt provision of Rule 42(b) of the Federal Rules of Criminal Procedure. The three-month sentence for contempt was contained in the same judgment as Contreras-Ruiz's conviction and sentence for reentry after deportation. Though he appeals from the entire judgment, his arguments are directed solely to the summary contempt conviction and the sentence imposed for it.

On April 9, 2008, Contreras-Ruiz in a jury verdict was found guilty of reentry subsequent to deportation. At his sentencing on June 2, 2008, Contreras-Ruiz engaged in behavior that seriously disrupted the hearing. Specifically, he repeatedly ranted that he would not be sentenced and shouted over the judge and other individuals in the courtroom. After repeatedly warning Contreras-Ruiz that he would be held in contempt if he did not stop this behavior, Judge Wake summarily held him in contempt when he continued disrupting the proceedings. Judge Wake also instructed the court reporter not to record the defendant's further interruptions. In this appeal, neither party has suggested that the failure to record appellant's words affected in any way his rights or the outcome of this case.

A district court's use of summary contempt procedures under FED. R. CRIM. P. 42(b) is reviewed for abuse of discretion. United States v. Cohen, 510 F.3d 1114, 1119 (9th Cir. 2007). Where a district court did not fully consider the relative appropriateness of summary and plenary adjudication of contempt, as here, this Court must evaluate independently the need for summary procedures. United States v. Glass, 361 F.3d 580, 587 (9th Cir. 2004) (citation omitted).

Courts have inherent power to punish contempt of their authority. Ex parte Terry, 128 U.S. 289, 302-03 (1888). Criminal contempt is defined under 18 U.S.C. § 401:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as – (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Federal Rule of Criminal Procedure 42 establishes two separate procedures for the adjudication of contempt. FED. R. CRIM. P. 42. Section (a) sets forth procedures for disposition after notice. Id. 42(a). Section (b) sets forth procedures for summary disposition of contempt. Id. 42(b).

Under FED. R. CRIM. P. 42(b), a district court is authorized to:

summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies . . . . The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

Id. The requirement that the contempt be committed in the court's presence is met only "where all of the essential elements of the misconduct are under the eye of the court [and] are actually observed by the court." Pounders v. Watson, 521 U.S. 982, 988 (1997) (per curiam) (quotation omitted). In this case, the district court saw and heard the contemptuous conduct and so certified. Further, the district court's order set out the contemptuous conduct in more than sufficient detail.

It is better practice for the judge to give the defendant a reasonable opportunity to speak for a reasonable amount of time and to have it recorded, so that a reviewing court can review the exact words. Nonetheless, the district court acted within its discretion when it convicted Contreras-Ruiz using the summary contempt procedure of FED. R. CRIM. P. 42(b).

AFFIRMED.